# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| J.S. HELD, LLC | : | |
| Plaintiff, | : | |
| v. | : | Case No. 1:21-cv-00537-RGA |
| TRACEY DODD, | : | |
| Defendant. | : | |

# DEFENDANT TRACEY DODD'S
# REPLY BRIEF IN SUPPORT OF HER MOTION TO DISMISS
# PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF PERSONAL JURIDISCTION

**KENT & McBRIDE, P.C.**

By: */s/ Matthew P. Donelson*
Matthew P. Donelson, Esq. (#4243)
824 N. Market Street, Suite 805
Wilmington, DE 19801
(302) 777-5477
mdonelson@kentmcbride.com
Attorneys for Defendant Tracey Dodd

Dated: July 30, 2021

7151557

# **TABLE OF CONTENTS**

INTRODUCTION……………………………………………………………………..1

RESPONSE TO COUNTER-STATEMENT OF FACTS……................................1

ARGUMENT………………………………………………………………………….

    I. The Forum Selection Clause in the Purchase Agreement is Invalid ……3

    II. Plaintiff's Amended Complaint Should be Dismissed Based on
       *Forum Non Conveniens*………………………………………………4

CONCLUSION……………………………………………………………………... .5

## TABLE OF AUTHORITIES

**Cases**

*Hopco Intermediate Holdings Inc., v Jones*, 2020 WL 619293, (D. Del. Nov. 26, 2018)…3

*Martinez v. E.I. Dupont Nemours & Co.,* 86 A.3d 1102 (Del. Supr. 2014)………………..4

## INTRODUCTION

As set forth in its opening brief, on June 9, 2021, Defendant filed a Motion to Dismiss Plaintiff's original complaint based on personal jurisdiction. To date, Plaintiff has not responded to that Motion.[1] Rather, Plaintiff filed an Amended Complaint on June 23, 2021. The Amended Complaint does not change or set forth any different allegations and/or facts from the original complaint with respect to Personal Jurisdiction.

Defendant Tracey Dodd ("Dodd") files this Reply Brief in Support of its Motion to Dismiss for Lack of Personal Jurisdiction

## RESPONSE TO COUNTER-STATEMENT OF FACTS

Dodd previously provided a Statement of Facts addressing the jurisdictional issues at hand. Those facts are incorporated herein. Plaintiff's Counter-Statement of Facts attempts to muddy the issue by arguing the merits of the case rather than addressing the jurisdictional issues. Specifically, Plaintiff's allege new "facts" in its Counter-Statement of Facts that are unsupported or that are not relevant to the jurisdictional issues raised by Dodd. While Dodd does not believe the facts raised in Plaintiff's Answering Brief have any bearing on the issues in the pending motion, Dodd feels compelled to address some of them to the extent the Court determines they are relevant for jurisdictional consideration.

Ms. Dodd did not leave Held inadvertently and/or abruptly, as if it was a planned event. Rather, management and staff for Plaintiff made Dodd's work life so unbearable she had no choice but to leave her employment with Plaintiff. As contained in Dodd's Statement of Facts, Dodd and Plaintiff entered into an employment agreement on September 25, 2020, which

---

[1] *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299 (2nd Cir. 2020), holding that the filing of an Amended Complaint does not automatically moot a pending Motion to Dismiss. In the present case, since Plaintiff's Amended Complaint does not assert any new facts or allegations with respect to jurisdiction, Defendant's initial Motion to Dismiss should be granted as unopposed.

employment agreement reduced Dodd's noncompetition period to a period of one (1) year. Dodd was given an ultimatum by the Plaintiff – either sign the new employment agreement or Dodd would be terminated. Shortly after signing the employment agreement, Plaintiff breached the employment agreement multiple times. Such breaches were acknowledged by representatives of the Plaintiff in front of two (2) independent witnesses.

Likewise, Ms. Dodd did not enter into a settlement with Plaintiff to resolve any issues of breach of confidentiality through emails being sent to her personal email account. The emails sent were associated with her claims of retaliation by Plaintiff, despite exceptional work performed by Ms. Dodd. A settlement was agreed to because Plaintiff assured Ms. Dodd that they believe they could resolve these various matters through settlement and not litigation, provided that Ms. Dodd agreed not to file any claims against the Plaintiff, including claims regarding genuine, significant, and continuous issues impacting the workplace. Ultimately, Plaintiff and Dodd executed the Separation Agreement which officially terminated her employment with Plaintiff. Pursuant to paragraph 18 of the Separation Agreement:

> **"This Agreement shall be subject to and governed by and interpreted in accordance with the substantive laws of the State of *LOUISIANA* without giving effect to conflicts of laws or choice of law principles that would compel the application of the substantive laws of any other jurisdiction." (emphasis added).**

Ms. Dodd is not an EFI employee. Furthermore, the facts regarding Dodd's employment history contained in Plaintiff's filings are complete inaccurate and baseless, including any references to specific periods and dates of work. After the termination of Dodd's employ with the Plaintiff, the only "work" that she performed, was volunteer work she performed as Temple President for her synagogue. To allege that there was some sort of plan and collusion here is erroneous and completely irrelevant to the jurisdictional issue before the Court.

2

employment agreement reduced Dodd's noncompetition period to a period of one (1) year. Dodd was given an ultimatum by the Plaintiff – either sign the new employment agreement or Dodd would be terminated. Shortly after signing the employment agreement, Plaintiff breached the employment agreement multiple times. Such breaches were acknowledged by representatives of the Plaintiff in front of two (2) independent witnesses.

Likewise, Ms. Dodd did not enter into a settlement with Plaintiff to resolve any issues of breach of confidentiality through emails being sent to her personal email account. The emails sent were associated with her claims of retaliation by Plaintiff, despite exceptional work performed by Ms. Dodd. A settlement was agreed to because Plaintiff assured Ms. Dodd that they believe they could resolve these various matters through settlement and not litigation, provided that Ms. Dodd agreed not to file any claims against the Plaintiff, including claims regarding genuine, significant, and continuous issues impacting the workplace. Ultimately, Plaintiff and Dodd executed the Separation Agreement which officially terminated her employment with Plaintiff. Pursuant to paragraph 18 of the Separation Agreement:

> **"This Agreement shall be subject to and governed by and interpreted in accordance with the substantive laws of the State of *LOUISIANA* without giving effect to conflicts of laws or choice of law principles that would compel the application of the substantive laws of any other jurisdiction." (emphasis added).**

Ms. Dodd is not an EFI employee. Furthermore, the facts regarding Dodd's employment history contained in Plaintiff's filings are complete inaccurate and baseless, including any references to specific periods and dates of work. After the termination of Dodd's employ with the Plaintiff, the only "work" that she performed, was volunteer work she performed as Temple President for her synagogue. To allege that there was some sort of plan and collusion here is erroneous and completely irrelevant to the jurisdictional issue before the Court.

2

Finally, Plaintiff attempts to "pick and choose" which Agreements and which parts of the respective Agreements the Court should consider. By way of example, while Plaintiff argues there is no "forum clause" in the Separation Agreement, Plaintiff does not address and therefore does not dispute that the Separation Agreement asserts that Louisiana law should apply to all substantive issues. Likewise, Plaintiff does not dispute that Paragraph 19 of the Separation Agreement, specifically states, "This Agreement constitutes the entire agreement between Employee and Company, and *supersedes and cancels all prior oral and written agreements* between Employee and Company." (Ex D to Def. Op. Br.) (emphasis added).

## ARGUMENT

**I.     The Forum Selection Clause in the Purchase Agreement is Invalid**

In determining whether a forum selection clause can be used to establish personal jurisdiction, the first part of the analysis is whether the clause is valid, "[t]hat is, does it cover the claims at issue". *Hopco Intermediate Holdings Inc., v Jones*, 2020 WL 619293, at *4,5 (D. Del. Nov. 26, 2018). (*see* Pl. Ans. Br. pg. 9).

In the present case, pursuant to paragraph 19 of the Separation Agreement, any previous oral or written agreements between the parties, were *superseded* by the Separation Agreement. (emphasis added). Furthermore, paragraph 6(f) of the Employment Agreement[2] states:

> The restrictive covenants contained herein shall supersede any and all other restrictive covenants, including without limitation any noncompetition or nonsolicitation provisions, as may be applicable by and between the Company and the Employee. For clarification purposes hereunder, the restrictive covenants contained herein shall expressly ***supersede*** any and all of those contained in the Operating Agreement of Topco. (emphasis added).

---

[2] Ex B, Def. Op. Br. para 6. (Dated September 25, 2020)

3

It is clear that the intent of the parties was that the Employment Agreement would govern the restrictive covenants. As a result, the restrictive covenants in the Asset Purchase Agreement should be null and void since the restrictive covenant section in the Employment Agreement specifically states that it supersedes all other agreements. Under the court's reasoning in *Jones,* since the restrictive covenants in the Asset Purchase Agreement are superseded by the restrictive covenants in the Employment Agreement, the Court's analysis should end there since there are no "claims at issue" that fall under the four corners of the Asset Purchase Agreement.

II.  **Plaintiff's Amended Complaint Should be Dismissed Based on *Forum Non Conveniens***

As set forth in her opening brief, this case should be dismissed based on *forum non conveniens*. Under Delaware law, a forum clause may be defeated if a defendant can show overwhelming hardship and inconvenience. Delaware courts evaluate the *Cryo-Maid* factors in analyzing a *forum non conveniens* motion. The Cryo-Maid factors are:

1. relative ease or access to proof;

2. the availability of compulsory process for witnesses;

3. the possibility of the view of the premises;

4. whether the controversy is dependent upon the application of Delaware law which the Courts of this State should more properly decide than those of another jurisdiction;

5. the pendency or nonpendency of similar action or actions in another jurisdiction; and

6. all other practical problems that would make the trial of the case easy, expeditious and inexpensive. *see Martinez v. E.I. Dupont Nemours & Co.,* 86 A.3d 1102, 1104 (Del. Supr. 2014).

In analyzing all of the *Cryo-Maid* factors, it is clear that they weigh in favor of Dodd and dismissing the present action. In fact, other than Plaintiff being incorporated in Delaware, there is no grounds for keeping this case in Delaware. Defendant Tracey Dodd is a Louisiana resident, Plaintiff Held has a Louisiana office, and all of the agreements in question were signed in

4

Louisiana, presumably to make it easier and more convenient for Ms. Dodd. Further, Ms. Dodd was a Louisiana employee, and Louisiana income taxes were withheld from Ms. Dodd's earnings. Additionally, pursuant to the terms of the Separation Agreement, this is a case where Louisiana law should apply. Thus, there is no issue dependent on the application of Delaware law. Under the *Cryo-Maid* standard, there is simply no set of facts where Plaintiff's interest in pursuing the case in Delaware would outweigh the hardship, expense and undue burden to Ms. Dodd in having to litigate this case in Delaware.

## CONCLUSION

For the reasons set forth above and in Defendant's opening brief, this action should be dismissed for lack of personal jurisdiction, and Tracey Dodd respectfully seeks an order of judgment dismissing Plaintiff's First Amended Complaint against her in its entirety.

                    **KENT & MCBRIDE, P.C.**

By:   */s/ Matthew P. Donelson*
      Matthew P. Donelson, Esq. (#4243)
      824 N. Market Street, Suite 805
      Wilmington, DE 19801
      (302) 777-5477
      mdonelson@kentmcbride.com
      Attorneys for Defendant Tracey Dodd

Dated: July 30, 2021